**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

*(42 U.S.C. § 1983)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAI'I**

**DANA SCANLAN**, individually and as parent and next friend of
**TULSI KAI**, a minor,
Plaintiffs,

v.

**JEFFREY W. NG**, Judge of the Family Court of the Third Circuit,
State of Hawai'i, in his official capacity only,
Defendant.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 3 0 2025

at____ o'clock and____ min.____M
Lucy H. Carrillo, Clerk

CV 25-00542 SASP RT

Case No. _____
*(to be assigned)*

## I. NATURE OF THE ACTION

1.  This is a civil rights action under **42 U.S.C. § 1983** for declaratory and injunctive relief to halt ongoing violations of Plaintiffs' constitutional rights to family integrity and due process.

2.  Plaintiffs do not seek a custody determination from this Court. Plaintiffs seek only prospective relief to stop ongoing custody-controlling actions occurring without lawful authority and in violation of the Fourteenth Amendment.

## II. JURISDICTION AND VENUE

3.  This Court has jurisdiction under **28 U.S.C. § 1331** and **42 U.S.C. § 1983**.

4.  Declaratory and injunctive relief are authorized under **28 U.S.C. §§ 2201–2202**.

5.  Venue is proper in this District under **28 U.S.C. § 1391(b)**.

## III. PARTIES

6.   Plaintiff **Dana Scanlan** is the mother and primary custodial parent of Plaintiff **Tulsi Kai**, a minor.

7.   Plaintiff **Tulsi Kai** is a minor child whose constitutional rights are implicated and is represented here by her parent and next friend.

8.   Defendant **Jeffrey W. Ng** is a Judge of the Family Court of the Third Circuit, State of Hawai'i, sued **in his official capacity only** for prospective declaratory and injunctive relief.

## IV. PATTERN AND FUTILITY

9.   For multiple years, Plaintiffs have been subjected to repeated custody-controlling proceedings initiated without new, lawful findings and based on recycled or unsupported allegations.

10.   Plaintiffs sought protection from family violence and abusive litigation through the Hawai'i courts on at least **eight occasions**. Each request was denied.

11.   State actors were repeatedly informed that forced separation from the child's primary attachment figure posed a substantial risk of psychological harm.

12.   Despite this notice, custody-controlling actions continued.

13.   On **December 11, 2025**, the family court again permitted custody-controlling actions without new lawful grounds.

14.   Additional filings in December 2025 demonstrate a substantial likelihood that such actions will continue absent federal intervention.

15.   These circumstances render further relief in state court futile.

## V. CLAIM FOR RELIEF

*(42 U.S.C. § 1983 – Fourteenth Amendment)*

16.   Plaintiffs have a fundamental liberty interest in family integrity and parental rights protected by the Fourteenth Amendment.

17.   Defendant, acting under color of state law, has permitted and continued custody-controlling actions without new lawful findings or meaningful due process.

18.   These actions exceed lawful authority and constitute ongoing constitutional violations.

19.  Plaintiffs seek only prospective declaratory and injunctive relief to halt these violations.

## VI. PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A. Declare that the ongoing custody-controlling actions described herein violate Plaintiffs' constitutional rights;
B. Enjoin Defendant from issuing, enforcing, or relying upon further custody-controlling actions absent new, lawful findings consistent with due process;
C. Grant such other and further relief as the Court deems just and proper.

## VII. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 26, 2025

_____

**Dana Scanlan**